**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ANGELIA KAY HALL,** § | | |
| Plaintiff § | | |
| § | | |
| § | | |
| v. § | | **CASE NUMBER 4:11-CV-00503** |
| § | | |
| § | | **JURY DEMANDED** |
| **AMON BRIAN ROPER and** § | | |
| **ROPER'S, LLC,** § | | |
| Defendants § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW Angelia Kay Hall ("Plaintiff"), and files this complaint against Amon Brian Roper and Roper's, LLC ("Defendants"), and in support would show this Honorable Court as follows:

**I.  PARTIES AND SERVICE**

1. Plaintiff is an individual and a resident of Collin County, Texas.

2. Defendant Amon Brian Roper is an individual residing in Collin County, Texas and who may be served with process at his residence located at 2308 Stoneleigh Place, McKinney, Texas 75071.

3. Defendant Roper's, LLC is a Texas limited liability company whose principal place of business is at 1625 S. McDonald Street, McKinney, Texas 75069 and who may be served with process via its registered agent, Brian Roper at 1625 North McDonald Street, McKinney, Texas 75070.

## II.  JURISDICTION AND VENUE

3.     The *Fair Labor Standards Act of 1938,* ("FLSA"), as amended 29 U.S.C. §210 *et seq.*, in relevant part, authorizes federal court actions by private parties to recover damages for violation of the FLSA's minimum wage and overtime provisions and to enforce the prohibition against retaliation.  Defendants are employers under the FLSA.  Jurisdiction over these claims is based upon Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C §§1331 and 1337.

4.     Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c), because this is the district in which Defendant does business and this is the district in which the unlawful conduct giving rise to the claims occurred.

## III.  NATURE OF THIS ACTION

5.     This action arises under the Fair Labor Standards Act of 1938, as amended. Specifically, Plaintiff alleges that Defendants have: (1) violated Section 7(a) of the FLSA, when they failed to pay Plaintiff at a rate of not less than one and one-half her regular rate for all hours worked each week over forty; and (2) violated Section 15(a)(3) of the FLSA for retaliatory discrimination against Plaintiff after she complained of Defendant's violations of the FLSA overtime provisions.

## IV.  FACTS

6.     At all relevant times, Plaintiff was an employee under the meaning of the FLSA.

7.     At all relevant times, Defendants ware an employer under the meaning of the FLSA.

8.     Plaintiff worked for Defendants from April 2006 until June 23, 20ll.

9.     Plaintiff was paid $525.00 per week for dispatcher duties she performed. Overtime pay, for the short time that Plaintiff received it, was paid at the rate of $12.50 per hour.

10.    From the beginning of her employment with Defendant, Plaintiff was required to

work more than forty hours each week.  Plaintiff was paid overtime for a six month period during 2007 and after January 2011, otherwise, she was not paid overtime wages for hours worked in excess of forty hours per week.

11. Defendant Roper's, LLC is a wrecker service that has a contract with the city of McKinney and with Collin County to tow cars from auto accident sites.  They also perform private towing and services for motor clubs.  Defendant Amon Brian Roper is the owner of the company and Plaintiff's direct supervisor.  Plaintiff worked as a dispatcher for Defendants.  Plaintiff's job duties involved answering phones, finding out all relevant detail that related to the car/accident, dispatching the driver to the scene, and logging information such as when the driver left, when the car was loaded, etc., into the computer.  Plaintiff also handled cars once they were brought into impound by running the plates through the department of motor vehicles, putting lien information into the computer, and releasing vehicles to their registered owners.  Plaintiff was also in charge of completing the quarterly fuel logs for the heavy duty vehicles owned by Defendant.

12. Plaintiff had no supervisory control over any other employees, and her primary duties were not directed at the management of Defendant's other employees.  Plaintiff had no authority to hire or fire employees of Defendant.

13. Plaintiff normally averaged 40 to 54 hours hours worked per week for Defendant until she began working extra days to cover the time left open by the lack of another dispatcher, during which time she averaged between 70 to 90 hours per week.

14. At the time Plaintiff was hired, she was under the belief that she would be compensated as the law required for any overtime work performed for Defendant.  Plaintiff never denied any request by Defendant to work overtime, instead, happily covering the extra shifts as a chance to increase her income.

15. On June 21, 2011, Plaintiff received a phone call from Brian Roper, owner of Ropers, LLC. Mr. Roper was calling in regards to a video that Plaintiff placed on YouTube. Throughout the phone call, Mr. Roper was cursing at Plaintiff and referring to her as "woman." He told her that "if you don't take the video down I will fire your a...."

16. Plaintiff deleted the video from YouTube about three hours after she received the phone call from Mr. Roper, then sent him a text message letting him know that she had complied with his order.

17. On June 23, 2011, Brian Roper met Plaintiff outside the building with a box of her belongings and said, "don't even bother" when she tried to come inside to go to work. He went and got her other belongings and Plaintiff never returned to the inside of the building.

18. The official reason that Plaintiff was given for her termination was "adverse publicity" to the company, regardless of the fact that drivers employed by Defendant often post videos on YouTube of scenes of accidents they work using the Defendant's trucks, which are much more graphic than the amusing video that Plaintiff placed on YouTube. Plaintiff believes that the reason given for her termination was invalid, and that she was actually terminated because one of the drivers told Mr. Roper that she was going to contact the Labor Board because of the lack of proper overtime pay. Plaintiff was involuntarily terminated from a company in which she had a good record and that she had worked for for over five years.

## V. VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff hereby incorporates Paragraphs 1 through 18 by reference for all purposes herein.

20. At all relevant times, Plaintiff was a non-exempt employee under the meaning of the Fair Labor Standards Act (FLSA) 29 U.S.C 201 §§ 3(e) 7 & 13 and was entitled to be compensated for all hours worked and paid time and one-half for all hours worked over forty

(40) each week.

21.     Defendants violated the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §210 et seq., when they failed to properly compensate Plaintiff for all hours worked during her employment, and all hours worked in excess of forty per week at the rate of not less than one and one-half time his regular rate.

23.     Plaintiff alleges that Defendants either knew or showed disregard for the matter of whether its conduct was prohibited by the FLSA, and that they willfully conspired to deny her the regular rate of pay she was due for all compensable hours and time at one-half time her "regular rate" for all hours worked over forty before they began paying overtime in January of 2011.

## VI. RETALIATION UNDER THE FLSA

24.     Plaintiff hereby incorporates Paragraphs 1 through 23 by reference for all purposes herein.

25.     Plaintiff exercised her federally protected rights under the FLSA to complain about compensable hours worked for which she was not paid, and hours worked over forty each week for which she was not paid at time and one-half her regular rate.

26.     Plaintiff was terminated when Defendants were told she was planning on making a wage claim for her unpaid overtime.

## VII. DAMAGES

27.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

a.      Plaintiff seeks payment of all compensatory time and time and one-half for all hours worked each week over forty for the entire time of her employment until Defendants began paying overtime in January of 2011 to the date of the conclusion of this lawsuit, plus interest;

    b.    Plaintiff seeks attorneys fees and costs of this action;

    c.    Plaintiff seeks compensation for all past and future lost wages and benefits, plus prejudgment and postjudgment interest at the prevailing rate;

    d.    Plaintiff is entitled to postjudgment interest on all sums, including attorneys fees and costs awarded in this action; and,

    e.    Plaintiff suffered physical pain, mental anguish, and emotional distress in the past and future.

## VIII. PENALTIES - LIQUIDATED DAMAGES, ATTORNEYS FEES & COSTS

28.    Pursuant to the FLSA, Plaintiff further alleges that Defendants failed to show good faith or reasonable grounds for believing their conduct was lawful and should also be held liable for an additional amount equal to the actual confirmed damages as liquidated damages, or two times her actual damages for compensable hours and overtime pay in addition to attorneys fees and costs of this action under 29 U.S.C. §216(c).

## IX. ATTORNEYS FEES, COSTS AND PUNITIVE DAMAGES

29.    Plaintiff is entitled to and requests an award of attorneys fees and costs under the FLSA as well as punitive damages to the extent permitted by law for the retaliatory conduct by Defendants in violation of the FLSA.

# X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of this Honorable Court; liquidated damages and punitive damages, together with interest as allowed by law; attorneys fees and costs of court; and such other and further relief to which Plaintiff may show herself to be so entitled at law or in equity.

Respectfully Submitted,


  */s/ Gregory B. Fell*
Gregory B. Fell
TBN: 00790670
greg@fellwoodlaw.com
Robert J. Wood, Jr.
TBN: 00788712
robert@fellwoodlaw.com

Fell & Wood, LLP
3021 E. Renner Rd., Suite 140
Richardson, Texas 75082
(972) 488-8177 – phone
(972) 664-0470 – fax

ATTORNEYS FOR PLAINTIFF